```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON


ROGER WOLFE,

       Plaintiff,

v.                                    Case No. 2:08-cv-01023

PAUL A. GREEN, et al.,

       Defendants.
```

## MEMORANDUM OPINION AND ORDER

Pending before the court is Plaintiff's Motion to Compel (docket # 67), to which the West Virginia State Police has responded in opposition (# 71), and Plaintiff has replied (# 78). This action concerns Plaintiff's allegations that West Virginia State Troopers unlawfully beat him while he was restrained, and then attempted to cover up the beating. Plaintiff has brought causes of action for use of excessive force, unnecessary infliction of pain and suffering, failure to intervene, coercive questioning and conduct that shocks the conscience, conspiracy, common law assault and battery, infliction of emotional distress, failure to train, supervise and have adequate policies, and negligent supervision, hiring, training, discipline and retention. (Complaint, # 1.)

The parties have resolved some of the discovery requests in dispute. The following ones remain at issue:

INTERROGATORY NO. 7: Identify every . . . informal and formal complaints, and internal investigations to which Paul A. Green, Jason S. Crane, J.K. Rapp and Kristy L. Layne were parties to and that involved charges against them individually or in their official capacities as Troopers?

ANSWER: Objection. This request is not likely to lead to the discovery of admissive [sic] evidence. This is a Fourth Amendment case regarding allegations of excessive force. "Subjective factors involving motives, intent or propensities are not relevant: in a § 1983 case alleging Fourth Amendment Violations. Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994). The sole question in a § 1983 case of this nature is whether the officers acted with "objective reasonableness and [to answer this question the Court needs only] to examine the conduct at issue which gives rise to the constitutional purported violation and measure that conduct against, what a reasonable police officer would do under similar circumstances, Graham v. Conner, 90 U.S. 386, 397 (1989). The Defendant denies the allegations of the Plaintiff's [sic] in this case. Thus, the past activities of the Defendants are not relevant to the Fourth Amendment analysis and the instant interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 10: Complete personnel files for Paul A. Green, Jason S. Crane, J.K. Rapp and Kristy L. Layne.

RESPONSE: Objection. See response in Interrogatory No. 7 and any privacy concerns raised by stated Defendants in this request.

REQUEST NO. 14: All documents concerning allegations of abuse or improper conduct by Paul A. Green, Jason S. Crane, J.K. Rapp and Kristy L. Layne toward any person in connection with their duties as Troopers.

RESPONSE: Objection. This request is not likely to lead to the discovery of admissive [sic] evidence. This is a Fourth Amendment case regarding allegations of an unlawful arrest and excessive force. "Subjective factors involving motives, intent or propensities are not relevant: in a § 1983 case alleging Fourth Amendment Violations. Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994). The sole question in a § 1983 case of this nature

2

is whether the officers acted with "objective reasonableness and [to answer this question the Court needs only] to examine the conduct at issue which gives rise to the constitutional purported violation and measure that conduct against, what a reasonable police officer would do under similar circumstances, Graham v. Conner, 90 U.S. 386, 397 (1989). The Defendant denies the allegations of the Plaintiff's [sic] in this case. Thus, the past activities of the Defendants are not relevant to the Fourth Amendment analysis and the instant interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 15: All documents concerning allegations of abuse perpetrated by troopers in connection with their duties with West Virginia State Police during the last ten years.

RESPONSE: Objection. This request is not likely to lead to the discovery of admissive [sic] evidence. This is a Fourth Amendment case regarding allegations of excessive force. "Subjective factors involving motives, intent or propensities are not relevant: in a § 1983 case alleging Fourth Amendment Violations. Rowland v. Perry, 41 F.3d 167, 173 (4th Cir. 1994). The sole question in a § 1983 case of this nature is whether the officers acted with "objective reasonableness and [to answer this question the Court needs only] to examine the conduct at issue which gives rise to the constitutional purported violation and measure that conduct against, what a reasonable police officer would do under similar circumstances, Graham v. Conner, 90 U.S. 386, 397 (1989). The Defendant denies the allegations of the Plaintiff's [sic] in this case. Thus, the past activities of the Defendants are not relevant to the Fourth Amendment analysis and the instant interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST NO. 29: Produce all documents concerning every . . . informal and formal complaints to [sic] with [sic] Paul A. Green, Jason S. Crane, J.K. Rapp, and Kristy L. Layne were parties to and that involved charges against them individually or in their official capacities as troopers.

RESPONSE: Objection. This request is not likely to lead to the discovery of admissive [sic] evidence. This is a

> Fourth Amendment case regarding allegations of excessive
> force. "Subjective factors involving motives, intent or
> propensities are not relevant: in a § 1983 case alleging
> Fourth Amendment Violations. Rowland v. Perry, 41 F.3d
> 167, 173 (4th Cir. 1994). The sole question in a § 1983
> case of this nature is whether the officers acted with
> "objective reasonableness and [to answer this question
> the Court needs only] to examine the conduct at issue
> which gives rise to the constitutional purported
> violation and measure that conduct against, what a
> reasonable police officer would do under similar
> circumstances, Graham v. Conner, 90 U.S. 386, 397 (1989).
> The Defendant denies the allegations of the Plaintiff's
> [sic] in this case. Thus, the past activities of the
> Defendants are not relevant to the Fourth Amendment
> analysis and the instant interrogatory is not reasonably
> calculated to lead to the discovery of admissible
> evidence.

(# 67-2, Exhibit A, at 3, 8-10, 13-14.)

Plaintiff argues that the information sought in Request No. 15 will be used to prove Plaintiff's claims of negligent supervision, training, retention and deficient policies and procedures. (# 68, at 2.) He contends that Interrogatory No. 7 and Request Nos. 14 and 29 seek information regarding the defendant troopers' intent (an element of assault and battery and intentional infliction of emotional distress) and the State Police's knowledge of prior instances of similar misconduct by these troopers, which will be used to prove Plaintiff's entitlement to punitive damages. Id., at 4. Similarly, Plaintiff requests access to the personnel files (Request No. 10) for information regarding the defendant troopers' training, performance evaluations, and other instances of misconduct. Id., at 6. He notes that entry of a protective order would protect Defendants' privacy concerns. Id.

4

Defendant the West Virginia State Police (hereinafter "Defendant") invokes the "law enforcement privilege" which it asserts is established by the West Virginia Freedom of Information Act, W. Va. Code § 29B-1-4(4). (# 71, at 4.) Defendant then relies on Doe v. Hudgins, 175 F.R.D. 511 (N.D. Ill. 1997), and its ten-factor balancing test for determining whether application of a law enforcement privilege is appropriate when a plaintiff seeks an internal police investigation report. Id., at 6-7. Defendant then analyzes each of the ten factors, concluding that the information sought should not be disclosed. Id., at 7-11. Finally, Defendant contends that Rule 404(b), *Fed. R. Evid.*, would suggest exclusion of evidence of other misconduct by the officers. Id., at 11-12.

In reply, Plaintiff argues that West Virginia has not adopted the law enforcement investigative privilege, citing Maclay v. Jones, 542 S.E.2d 83 (2000), and that federal law supports the production of these materials, citing Floren v. Whittington, 217 F.R.D. 389 (S.D.W. Va. 2003). (# 78, at 2-4.)

For the reasons set forth below, the court finds that Defendant's opposition to Plaintiff's discovery requests is not substantially justified, that the requests are appropriate and seek production of information which may well be admissible, and that Defendant has failed to comply with the Federal Rules of Civil Procedure.

The leading causes of action in Plaintiff's complaint are

based on 42 U.S.C. § 1983, the federal civil rights statute. Rule 501, *Fed. R. Evid.*, provides that federal common law "as interpreted by the courts of the United States in the light of reason and experience" provides the law of privilege, unless the claim or defense is based on State law.  When the defendants removed this case from the Circuit Court of Kanawha County, they invoked federal question jurisdiction, 28 U.S.C. § 1331.  (# 1, Notice of Removal, at 5.)  Thus the court will apply cases decided by this and other federal courts in deciding these issues.

The leading case on the issue of the discoverability of police personnel files, complaint records, and similar information, King v. Conde, 121 F.R.D. 180 (E.D.N.Y. 1988), was authored by the notable U.S. District Judge Weinstein.  In a thoroughgoing opinion, Judge Weinstein identified the factors favoring nondisclosure as (1) the threat to police officers' own safety; (2) the invasion of the police officers' privacy; (3) the weakening of law enforcement programs by revealing police tactics or evidence; (4) possible chilling of police internal investigative candor; (5) possible chilling of citizen complainant candor; and (6) State privacy law. 121 F.R.D. at 191-94.  The factors favoring disclosure are (a) the relevance to the plaintiff's case; (b) the importance to the plaintiff's case; (c) the strength of the plaintiff's case; and (d) (the most important factor), the importance to the public interest. Id., at 194-95.  As to the last factor, Judge Weinstein wrote:

6

> Lawsuits brought under 42 U.S.C. § 1983 require special attention to full disclosure:
>
>> Each citizen "acts as a private attorney general who 'takes on the mantel of the sovereign,'" guarding for all of us the individual liberties enunciated in the Constitution. Section 1983 represents a balancing feature in our governmental structure whereby individual citizens are encouraged to police those who are charged with policing us all. Thus, it is of special import that suits brought under this statute be resolved by a determination of the truth rather than by a determination that the truth shall remain hidden.
>
> *Wood v. Breier*, 54 F.R.D. 7, 10-11 (E.D. Wisc. 1972) (citations omitted). * * *
>
> The great weight of the policy in favor of discovery in civil rights actions supplements the normal presumption in favor of broad discovery, discussed above. Together, these powerful public policies suggest that the defendants' case for restricted disclosure must be extremely persuasive.

<u>Id.</u>, at 195.

In 2003, in <u>Floren v. Whittington</u>, 217 F.R.D. 389 (S.D.W. Va. 2003), the late Hon. Charles H. Haden II ruled that an arrestee was entitled to discovery of officers' personnel files and internal affairs files subject to redaction and a protective order. The <u>Floren</u> decision relies heavily on <u>King v. Conde</u>, noting that "there is a general presumption against invocation of an official information privilege, however denominated, in § 1983 cases." 217 F.R.D. at 391. The reasons given were "the general principles of truth seeking in discovery, its broad application to any relevant material not privileged, the general presumption against invocation

of privilege in § 1983 cases, and [the officers'] failure to enunciate specific harms flowing from this information's disclosure." Id., at 392. Thus, since 2003 it has been the law of this District, in § 1983 cases, that police officers' personnel files and internal affairs files will be disclosed to plaintiffs' counsel, with appropriate protections.

Defendant's argument that the "law enforcement privilege" is established by the West Virginia Freedom of Information Act, W. Va. Code § 29B-1-4(4), is unpersuasive, and contrary to a specific holding by the Supreme Court of Appeals of West Virginia. In Maclay v. Jones, 542 S.E.2d 83 (W. Va. 2000), Syl. Pt. 2, the Court held:

> 2. The provisions of this state's Freedom of Information Act, West Virginia Code §§ 29B-1-1 to -7 (1998), which address confidentiality as to the public generally, were not intended to shield law enforcement investigatory materials from a legitimate discovery request when such information is otherwise subject to discovery in the course of civil proceedings.

Similarly, Defendant's reliance on Doe v. Hudgins is unconvincing, given Judge Haden's ruling in Floren. Defendant has not offered examples of specific harms which would flow from the disclosure of the troopers' personnel files, internal affairs reports, and other citizen complaints.

The court finds that the information requested by Plaintiff is relevant and probably admissible with respect to his civil rights claim (Count IX) that defendants Rapp and Lemmon failed to train,

8

supervise, and have adequate policies, and his common law claim (Count X) against defendants Rapp, Lemmon and State Police for negligent supervision, hiring, training, discipline and retention. In Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), the Fourth Circuit articulated a three-part test to establish supervisory liability under § 1983:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff;
> (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and
> (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

If the troopers' personnel files and other internal State Police documents show that these troopers have repeatedly engaged in conduct which posed a pervasive and unreasonable risk of constitutional injury to arrestees, such conduct may expose the troopers' supervisors to liability.

The case cited by Defendant in its objections to Plaintiff's discovery requests, Rowland v. Perry, 41 F.3d 167, 172-73 (4th Cir. 1994), is not on point.  The quotation used by Defendant (which is not transcribed accurately) concerns the application of the doctrine of qualified immunity in a civil rights case.  The court held that the officer was not entitled to qualified immunity. Id., at 174.

The court notes that Defendant's discovery responses fail to comply with the requirements of the Federal Rules of Civil Procedure.  The answers to interrogatories are not signed and verified by the person(s) providing the answers, as required by Rule 33(b)(3), *Fed. R. Civ. P.*.  Privileges are asserted without compliance with Rule 26(b)(5), *Fed. R. Civ. P.*

For all the foregoing reasons, it is hereby **ORDERED** that the Motion to Compel (# 67) is granted and Defendant is directed to answer Interrogatory No. 7, and produce the documents sought by Request Nos. 10, 14, 15, and 29 within two weeks of the entry of this Order.  The court assumes that Plaintiff is uninterested in mundane documents in the troopers' personnel files such as W-4s, health insurance forms and other employment benefit election forms. The court expects the parties to execute and submit for entry the form protective order found on the court's website to prevent inappropriate dissemination of the documents.  As to Request No. 15, the court notes that the request for "all documents concerning allegations of abuse perpetrated by troopers in connection with their duties with West Virginia State Police during the last ten years" is vague.  The court directs the parties to discuss candidly with each other the data maintained by the State Police concerning allegations that troopers have used excessive force or other forms of abuse and to attempt to reach agreement on the data that will be produced.

Pursuant to Rule 37(a)(1), *Fed. R. Civ. P.*, the court finds that Plaintiff attempted in good faith to obtain the discovery without court action. The court further finds that Defendant's position was not substantially justified and that there are not other circumstances which make an award of expenses unjust. Plaintiff may file an affidavit seeking reasonable expenses incurred in making the motion, including attorney's fees. It is further **ORDERED** that Defendant's response to the affidavit shall be filed within five business days of the filing of the affidavit, and shall include an identification of the party or attorney whose conduct or advice necessitated the motion.

The Clerk is directed to transmit a copy of this Order to counsel of record.

ENTER: April 2, 2009

_____
Mary E. Stanley
United States Magistrate Judge

11