```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

ROGER WOLFE,

    Plaintiff,

v.                                      Civil Action No. 2:08-01023

PAUL A. GREEN, JASON S. CRANE,
J.K. RAPP, KRISTY L. LAYNE,
D.L. LEMMON, and
WEST VIRGINIA STATE POLICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is the parties' joint motion to redact certain pleadings, filed October 12, 2010.

I.

Plaintiff instituted this action in July 2008, alleging that he was severely beaten by several West Virginia State Police Troopers at the State Police barracks in South Charleston on June 16, 2007. In September 2009, defendants made a Rule 68 offer of judgment to plaintiff for $200,001.01 "plus Plaintiff's reasonable attorneys' fees, expenses, costs or any other fee shift available pursuant to 42 U.S.C. §§ 1983 and/or 1988 incurred to date to be determined by the Court." (Offer of Judgment 1). Plaintiff accepted the defendants' offer and, on

October 7, 2009, the Clerk entered judgment in favor of plaintiff in accordance with the offer.

On December 18, 2009, plaintiff moved for an award of attorneys' fees, costs, and expenses.  Plaintiff also moved to seal Exhibit 1 to his fee petition, inasmuch as that exhibit contained the detailed billing sheets of plaintiff's counsel.  Plaintiff maintained that such information was "protected from disclosure by the attorney client privilege and work product doctrine."  (Pl.'s Mem. in Supp. of Mot. to Seal).  On December 24, 2009, defendants responded to the motion to seal, contending that neither the attorney client privilege nor the work product doctrine justified plaintiff's request to seal the billing records.

Nevertheless, on February 5, 2010, defendant Paul A. Green moved to seal his response and accompanying exhibits to plaintiff's fee petition.  Trooper Green's motion to seal reflected that he did not object to spreading on the record those items for which a sealing order was sought, but that he moved to seal nevertheless inasmuch as plaintiff also sought a sealing order.  On March 12, 2010, plaintiff replied to defendants' response and moved to seal Exhibit 2 to his reply memorandum.

2

The court's initial inspection of the records at issue in the parties' motions to seal revealed that there was an abundance of information contained therein for which sealing was inappropriate. Accordingly, by order entered September 24, 2010, the court directed plaintiff to file redacted versions of Exhibit 1 to his fee petition and Exhibit 2 to his reply memorandum and to identify what, if any, of the information within Trooper Green's filings should not be made part of the public record. Trooper Green was then to redact his filings appropriately and file the redacted versions with the court.

On October 5, 2010, consistent with the Court's September 24 order, plaintiff submitted redacted versions of Exhibit 1 to his fee petition and Exhibit 2 to his reply memorandum. On October 12, 2010, the parties submitted a joint motion to redact certain pleadings. The parties mutually agreed to redact portions of Trooper Green's response submissions discussing (1) plaintiff's medical care; (2) statements provided by Trooper Green that are subject to Garrity v. New Jersey, 385 U.S. 493 (1967)[1]; (3) plaintiff's financial information; and (4)

---

[1] In Garrity, the Supreme Court held that a police officer's compelled statement procured under threat of removal from employment may not be used in a subsequent criminal proceeding. 385 U.S. at 497.

information covered by the attorney-client privilege.  Applying these four categories, the parties filed a redacted version of Trooper Green's response to plaintiff's fee petition, along with redacted versions of seven of the twenty exhibits submitted by Trooper Green in support of his response.

## II.

The court notes initially that "[p]ublicity of [court] . . . records . . . is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from two separate sources: the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents. Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the public's right of access. Nixon, 435 U.S. at 598-99; In re Knight Publishing Co., 743 F.2d 231, 235 (4th Cir. 1984).  Quoting Knight, our court of appeals observed recently as follows:

Some of the factors to be weighed in the common law

> balancing test "include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records."

<u>Va. Dept. of State Police v. Wash. Post</u>, 386 F.3d 567, 575 (4th Cir. 2004) (quoting <u>Knight</u>, 743 F.2d at 235).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents."  <u>Stone</u>, 855 F.2d at 180.  The First Amendment Right of access attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question."  <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 8-9 (1986).

The First Amendment right of access, however, provides much greater protection to the public's right to know than the common law right.  To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, 606-07 (1982).

**III.**

**The court has reviewed the proposed redactions and is satisfied that the parties have made the necessary showing under both the common-law and First Amendment rights of access. The limited redactions are precisely the type of narrowly tailored request our court of appeals has encouraged. With respect to Exhibit 1 to plaintiff's fee petition and Exhibit 2 to his reply memorandum, the redactions primarily concern the content of discussions between plaintiff and his counsel. The redactions in these documents further seek to protect the legal theories and mental impressions of plaintiffs' counsel regarding the case. Inasmuch as such information is protected by the attorney-client privilege and the work product doctrine, respectively, the court finds the redactions appropriate.**

**Turning to Trooper Green's response and many of the exhibits submitted in support thereof, the court notes that the redacted material in these documents concerns plaintiff's medical history and finances, as well as Trooper Green's compelled statements procured as in <u>Garrity</u>, as to which the court finds the parties' redactions are appropriate.**

IV.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That the parties' joint motion to redact certain pleadings be, and it hereby is, granted;
2. That the original copies of Exhibit 1 to plaintiff's fee petition (filed on December 18, 2009), Trooper Green's response submissions (filed on February 5, 2010), and Exhibit 2 to plaintiff's reply memorandum (filed on March 12, 2010) remain filed under seal; and
3. That the redacted versions of the aforementioned documents remain on the public docket for inspection by any interested parties.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: December 15, 2010

John T. Copenhaver, Jr.
United States District Judge